Date signed February 16, 2010



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| TMST, Inc., et al | * | Case No. | 09-17787-DK |
| | * | Chapter | 11 |
| Debtor | * | | |
| *************************************** | * | | |
| Althea Miley, | * | | |
| | * | | |
| Plaintiff | * | | |
| vs. | * | Adversary | No. 09-00732 |
| TMST, Inc. (f/k/a Thornburg Mortgage, Inc.), | * | | |
| | * | | |
| Defendants | * | | |

### <u>MEMORANDUM OF DECISION</u>

On October 22, 2009, Althea Miley ("Miley") filed a complaint against Defendant TMST, Inc. (f/k/a Thornburg Mortgage, Inc.) ("TMST").[1]    The Complaint alleges causes of action for, *inter alia,* fraudulent conveyance, turnover and nondischargeability.  TMST, by Chapter 11 Trustee, has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6),

---

[1] Although Miley indicates additional defendants with the phrase "et al" in her caption and on the Adversary Proceeding Cover Sheet, she did not identify any other person or entity except TMST, Inc. in the body of her Complaint or any other document. She also attempted service of the Complaint only upon TMST, Inc.   Her initial attempts at proper service were unsuccessful pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(3), however, counsel for the Chapter 11 Trustee of TMST has accepted service on behalf of TMST.

incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012, to which

Miley has filed an Objection.  The court finds that the arguments are sufficiently set forth in the

pleadings and that a hearing would not aid the decisional process.

### Background

According to the Complaint and supporting exhibits, prior to the bankruptcy filing by

TMST, Miley and TMST were involved in a state court lawsuit in Georgia (the "State Court

Action")[2] in which Miley attempted unsuccessfully to set aside a foreclosure sale upon Miley's

former residence (the "Residence").

The factual background of the parties' relationships is not entirely clear.  What is

consistently alleged by Miley and not disputed by TMST is that Miley previously owned a

Residence located at 1525 High Haven Court, Atlanta, Georgia, and that Residence was subject to a

foreclosure proceeding  approximately during the middle of 2007.  It appears that the original

lender was BancMortgage Financial Corporation.[3]  The nominee, as grantee under the Security

Deed, was Mortgage Electronic Registration Service ("MERS").   MERS then appeared to transfer

its rights to TMST on or about January 23, 2007, as recorded in the land records on October 24,

2007.[4]  On September 4, 2007, a Deed Under Power was executed detailing the foreclosure sale

which had occurred and naming TMST as both the foreclosing lender and the purchaser at

foreclosure.[5]  The Exhibits to the Complaint then show that more recently, on July 31, 2009, the

---

[2] *Althea Miley v. Thornburg Mortgage Home Loans, Inc. et al, McCalla Raymer, LLC, and Robert Michael Sheffield,* No. 08-CV-13141.  *See Complaint,* dated October 22, 2009, Exhibit A.

[3] Exh. B to Complaint.

[4] Exh. E to Complaint.

[5] Exh. F to Complaint.

Residence was sold by TMST to a third-party purchaser, Erin Burns (the "Burns Sale").[6]

Miley details in her Complaint that she fell behind on her monthly mortgage payments and was attempting to work out a forbearance agreement with TMST. During the course of negotiations Miley filed three different bankruptcy cases in the United States Bankruptcy court for the Northern District of Georgia, to avail herself of the automatic stay in order to stay imminent foreclosures. The foreclosure sale by TMST which is the subject of the now-pending litigation occurred shortly after the filing of the third bankruptcy case. Miley alleges that the sale was in violation of the automatic stay[7] and sought relief in the state courts in Georgia. Miley has continued to pursue her claims in this bankruptcy case and has filed a proof of claim in TMST's bankruptcy case asserting both a secured claim and an unsecured claim. She has now filed the instant Complaint seeking relief under eight separate causes of action.

## Motion to Dismiss Standard

TMST argues that all counts of the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and that counts II, III, IV, V and VIII must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

A motion made pursuant to Rule 12(b)(6) allows a claim to be dismissed for failure to state

---

[6] Exhibits I, J and K show a transfer by TMST by way of Security Deed transferred to Erin Burns for the consideration of $10.00, at the same time as Burns executed a note payable to JPMorgan Chase Bank and secured by the Residence in the amount of $178,880.00. Burns then executed a quit claim deed transferring the property from herself individually to she and her spouse jointly.

[7] This court does not have any jurisdiction to decide any question as to the effect of an automatic stay arising from the filing of any of Miley's bankruptcy cases in Georgia, although it appears likely that pursuant to Section 362(c)(4), no automatic stay existed. In addition to the United States Bankruptcy Court for the Northern District of Georgia, the state court in which the foreclosure action was pending may decide the applicability of an automatic stay (but the state court cannot grant relief from stay). *In re Mid-City Parking, Inc.*, 332 B.R. 798 (N.D. Ill. 2005). In addition, that bankruptcy court can review the issue if the state court decision in effect provided relief from a stay. *Id.* But the Bankruptcy Court for the District of Maryland in the bankruptcy case of TMST has no jurisdiction concerning the issue.

a claim upon which relief can be granted.  The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the statement of the claim.  *Chertkof v. Baltimore*, 497 F.Supp. 1252, 1258 (D.Md. 1980).  The standard for a motion to dismiss is well known: a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Faulkner Advertising Assoc. v. Nissan Motor Corp.*, 905 F.2d 769, 771-72 (4th Cir. 1990).  Nevertheless, as the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007), "While a complaint attacked by a Rule12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."

The court's task is made more difficult by the Complaint's own confusion about bankruptcy terminology and concepts. Plaintiff, who is *pro se,* has littered the Complaint with factual and legal conclusions that while seeming knowledgeable are most often stated out of context and inaccurately.  While the court must read a *pro se* complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), for the Rule 12(b)(6) motion, it cannot look outside of the pleadings for facts not otherwise pled nor substitute different theories of law.

A Rule 12(b)(1) motion raises the defense of lack of subject matter jurisdiction.  In this case, it is a question of Miley's standing to bring certain causes of action that is at issue.  "The issue of standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *In re Martin Paint Stores,* 199 B.R. 258 (Bankr.S.D.N.Y.1996) (citing *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)).  The Plaintiff bears the burden of proving standing.  *Richmond, Fredericksburg & Potomac R. Co. v. United*

4

*States*, 945 F.2d 765, 768 (4th Cir. 1991).  The court may look beyond the pleadings in order to determine standing.  *Id.*

**Count I**

Count I of Miley's Complaint is brought under Section 363(e) of the Bankruptcy Code. Miley appears to complain that TMST by the Burns Sale wrongfully sold property of the estate in which Miley alleges to have an interest in the ordinary course of its business.  In doing so, however, Miley compares the sale to a sale of a bundle of servicing rights that was done by TMST out of the ordinary course of business of the estate and therefore required approval (which was granted by this court without objection by any party in TMST's bankruptcy case on September 15, 2009).  Miley states that such sales are in violation of Section 363 as having occurred outside of the plan process. Miley requests that due to these acts by TMST, that her claims be placed "ahead in priority to any deed held by Thornburg Mortgage, its Affiliates or Purchaser."  Complaint, at p.12, ¶58.

It is unclear to the court, and therefore cannot possibly survive dismissal pursuant to TMST's Rule 12(b)(6) motion, what relief Miley is seeking.  Either she is seeking to contest the Order entered in TMST's main case on September 15, 2009, which approved a sale of servicing rights and which seemingly has nothing to do with Miley or the Residence, or she is seeking "adequate protection" under Section 363(e) in connection with the Burns Sale.

If the former, then she has not alleged sufficient facts to show any degree of standing as to that matter.  Nor did she bring any motion pursuant to Rule 60(b) with respect to the court's Order.

If the latter, then Miley has not alleged facts sufficient to support her claim of interest in the Residence, there having been a foreclosure which is not alleged to have been set aside.[8]  Section

---

[8] *See infra* fn 7.  Miley has alleged only that a foreclosure sale was conducted, a notice of eviction was obtained and served, and that she has sought in state court to set aside that foreclosure.  Until and unless such foreclosure is set aside, this court must give it full faith and credit.  Nor can this court review orders entered by the state court as to the legitimacy of the

363(e) provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. § 363(e).  Section 363(e) in general allows a secured creditor to protect its interest in collateral by receiving adequate protection payments.  It is most often litigated in the context of sale of inventory or use of cash collateral.  As stated in the opinion in *In re Sweetwater*, 40 B.R. 733 (Bankr. D. Utah 1984), an oft-cited case on the Code section, "Section 363(e) was intended to protect the collateral of secured creditors while the debtor in possession or trustee operated the business."  *Id.* at 742.

Miley has not demonstrated that there is any set of facts upon which she could demonstrate entitlement to relief under Section 363(e). She has not set forth the necessary allegation that there is property of the estate to which she holds a security interest.  Merely labeling herself a secured creditor and filing a proof of claim as such cannot suffice where the facts alleged cannot create that relationship.

Furthermore, Miley has not pled a necessary element of Section 363(e) relief in that she has not pled that the Residence is suffering a diminution in value for which she is entitled to adequate protection.

Finally, the remedy set forth in Section 363(e), *i.e.,* providing adequate protection for property or cash collateral, does not provide any protection or separate cause of action  for the

---

foreclosure sale.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Miley has not alleged any facts which would support her contention that she holds a legal interest in the Residence.

creditor or party after the property has been transferred.  *See e.g., Matter of Kelvin Pub., Inc.*, 72 F.3d 129 (6th Cir. 1995).[9]

## Count II

In Count II, Miley invokes Section 548(a)(1)(A) of the Bankruptcy Code in order to avoid the transaction whereby MERS transferred to TMST its interest in the lien securing the Residence. Count II must be dismissed as the Plaintiff lacks standing and has failed to state a cause of action against TMST for which relief can be granted.

"'Section 548(a)(1) of the Bankruptcy Code exists "to preserve 'the debtor's estate for the benefit of its unsecured creditors.'" *In re Carr & Porter, LLC*, 416 B.R. 239, 248 (Bankr. E.D.Va.2009)(citations omitted).  It provides:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–
>
>  (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted. . . .

11 U.S.C. § 548(a)(1)(A).  Thus, Section 548(a)(1)(A) cannot operate to avoid the 2007 transfer from MERS to TMST, under any set of facts alleged by Miley.

Not only is MERS not a party to this adversary proceeding, but Miley is seeking to avoid a transfer from MERS to TMST- not as Section 548(a) would provide - from TMST (Debtor in possession) to another party.  Miley is alleging that TMST wrongfully received property- not that it wrongfully transferred property.

Furthermore, an attack on the transfer from MERS to TMST is an issue that was decided

---

[9] In finding that Count I must be dismissed for failure to state a claim upon which relief can be granted, the court does not reach TMST's argument that relief under Section 363(e) can only be obtained by motion and not by adversary proceeding complaint.

when the Georgia State Court entered an order regarding the foreclosure.  Once an order of

foreclosure is entered in the state court, this court is prevented from adjudicating a collateral attack

on its validity.[10]

Finally,[11] Miley lacks standing to bring a Section 548 avoidance action.  It is well

established that it is the Trustee which has standing to bring such claims.  *See National American*

*Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439 (4th Cir. 1999).  As discussed in *Capital Source*

*Finance, LLC v. Delco Oil, Inc.,* 625 F.Supp.2d 304 (D.Md. 2007),

> A creditor lacks standing to bring a cause of action that "share[s] the same
> underlying focus" as a claim the bankruptcy trustee could bring, even if the claims
> "do not contain identical elements."   "Reserving [such an] ... action for the trustee
> maintains the integrity of the bankruptcy proceeding and ensures that individual
> creditors cannot hijack the bankruptcy process. If it were otherwise, there would be
> 'a multijurisdictional rush to judgment whose organizing principle could only be
> first-come-first-served.'"

*Id.* at 310 (quoting *Nat'l Am. Ins. Co.*, 187 F.3d at 441-42).

## Count III

Count III alleges a cause of action under Georgia fraudulent conveyance law, however, in

paragraph 76 of the Complaint Miley again requests such relief in conjunction with Section 548(a).

Count III, though poorly described, appears to be seeking avoidance of the Burns Sale.

Miley seeks to recover property from the purchaser in the Burns Sale and return it to the

estate.  The purchaser in the Burns sale is not a defendant in this action.  Further, Miley is not the

---

[10] With the exception that the Bankruptcy Court in which was filed the debtor/owner's
bankruptcy case can determine whether the state court action violated the automatic stay.  *See
infra* fn 7.

[11] Although discussed last in this analysis, as the District Court noted in *Miller v. Pacific
Shore Funding, et al*., 224 F.Supp.2d. 977 (2002), "[R]esolution of the question of standing
necessarily takes precedence over the question whether plaintiffs have stated a claim upon which
relief can be granted: without jurisdiction, the court has no power to rule on the validity of a
claim." *Id.* at 994 (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95, 118 S.Ct.
1003, 1003 (1998).

Trustee and does not have standing to bring this action. *See infra* discussion on Count II.

This count cannot survive. The court turns to an explanation provided in *Ivester v. Miller*, 398 B.R. 408 (M.D.N.C. 2008) wherein the court wrote:

> Section 548 of the Bankruptcy Code authorizes a trustee to avoid fraudulent transfers of a debtor's property. 11 U.S.C. § 548(a)(1)(A). Generally speaking, after the filing of a bankruptcy petition a creditor lacks standing under section 548 to bring a cause of action for the avoidance of fraudulent transfers. "If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." Creditors "lack standing to bring 'causes of action [that] are ... similar in object and purpose to claims that the trustee could bring in bankruptcy,' regardless of whether such claims are technically part of the estate of the bankrupt." When a creditor brings a state-law challenge to a transaction that a bankruptcy trustee could avoid as a fraudulent conveyance, the state-law cause of action is 'so similar in object and purpose' to the fraudulent conveyance claim that the creditor lacks standing to assert it." The trustee therefore retains sole standing to bring a cause of action, unless he abandons the claim.

Id. at 430 (quoting Ruppert, 187 F.3d at 441)(other citations omitted).

### Count IV

Count IV appears identical to Count II, but to the extent it intends to add anything to the other causes of stated, the court finds that it must be dismissed for the reasons stated in the dismissal of the prior counts.

### Count V

The fifth cause of action is brought pursuant to Section 764(a). This section, which is part of the subchapter on Commodity Broker Liquidation provides:

> Except as otherwise provided in this section, any transfer by the debtor of property that, but for such transfer, would have been customer property, may be avoided by the trustee, and such property shall be treated as customer property, if and to the extent that the trustee avoids such transfer under section 544, 545, 547, 548, 549, or 724(a) of this title. For the purpose of such sections, the property so transferred shall be deemed to have been property of the debtor, and, if such transfer was made to a customer or for a customer's benefit, such customer shall be deemed, for the purposes of this section, to have been a creditor.

11 U.S.C. § 764(a).

Miley fails to allege any facts to support that this section could apply to TMST's bankruptcy case and that TMST is a "commodity broker" as defined by Section 101(6) of the Bankruptcy Code or that Miley meets the definition of "customer" set forth in Section 761(9).

The court finds that there are no facts alleged which could support a cause of action under Section 764(a). Not only would Miley lack standing (for reasons set forth *infra*), but the statute is simply inapplicable to the relationship between these parties.

## Counts VI and VII

Counts VI and VII attempt to bring actions for nondischargeability of the debt allegedly owed by TMST to Miley. Miley brings these actions under Section 523(a)(2) and (a)(6).

These counts must be dismissed because Section 523(a)(2) and (a)(6) do not apply to TMST, as it is a corporation and not an individual. *See e.g., Yamaha Motor Corp USA v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985)("We agree with the bankruptcy court that both the language of the statute and the case law interpreting the statute militate against applying the exemption to corporate debtors").

## Count VIII

Count VIII is an action for turnover pursuant to Section 542(a). This section requires any party holding property of the estate when the case is filed to turn such property over to the trustee. Miley alleges that the Residence is property of the estate and she is entitled to recover the interest of TMST in the property.

Miley lacks standing to bring such cause of action, as it is an action reserved to the Trustee in the same manner as the fraudulent conveyance rights. Accordingly, the count must be dismissed pursuant to Rule 12(b)(1).

For the reasons stated herein, the Complaint will be dismissed in an Order accompanying this Memorandum of Decision.

10

cc:
all parties
all counsel

**End of Order**